J-S22011-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| LAWRENCE EDWARD SEVER | : | |
| | : | |
| Appellant | : | No. 633 MDA 2018 |

Appeal from the PCRA Order March 12, 2018
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0000094-2010

BEFORE:    SHOGAN, J., DUBOW, J., and PELLEGRINI*, J.

MEMORANDUM BY SHOGAN, J.:                **FILED: JULY 10, 2019**

Appellant, Lawrence Edward Sever, appeals *pro se* from the order

denying his petition filed pursuant to the Post Conviction Relief Act ("PCRA"),

42 Pa.C.S. §§ 9541–9546.  We affirm.

In 2008, Appellant sexually assaulted C.J., a nine-year-old minor, in

Florida and in Pennsylvania.  ***Commonwealth v. Sever***, 64 A.3d 17, 576

MDA 2012 (Pa. Super., filed December 12, 2012) (unpublished memorandum

at 1–2).  Appellant was arrested and charged with involuntary deviate sexual

intercourse ("IDSI") with a child, 18 Pa.C.S. § 3123(b), and indecent assault

of a person less than thirteen years old, 18 Pa.C.S. § 3126(a)(7).  ***Id.*** at 2.  A

prior panel of this Court summarized the procedural history of this case as

follows:

> There were two jury trials before the Honorable Thomas Kelley.
> Clasina Houtman, Esquire, First Assistant Public Defender at the

_____
*   Retired Senior Judge assigned to the Superior Court.

York County Public Defender's Office, represented [Appellant] during both trials.

On October 15, 2010, the first trial ended in a mistrial. In January 2011, two weeks before the second trial, Houtman learned that Judge Kelley had been involved in a romantic relationship with another Public Defender, Janan Tallo, Esquire, during 2010 and January 2011. Judge Kelley and Tallo kept their romance secret, thus enabling Tallo to continue representing clients in Judge Kelley's courtroom.

Houtman was Tallo's supervisor in the Public Defender's Office. When the Public Defender's Office learned about the romance in January 2011, the Chief Public Defender, attorney Blocher, "had a conversation with Judge Kelley" and then removed Tallo from Judge Kelley's courtroom. N.T., 6/16/15, at 36. Tallo did not participate in any way in [Appellant's] two trials.

On February 7, 2011, [Appellant's] second jury trial began before Judge Kelley. On February 8, 2011, the evidentiary phase of trial concluded, the parties presented closing arguments, and Judge Kelley charged the jury. Later that night, Judge Kelley broke Tallo's elbow during a domestic dispute.

On February 9, 2011, Judge Kelley answered one question from the jury, and the jury found [Appellant] guilty of IDSI. Following trial, Judge Kelley was assigned to another trial division, and [Appellant's] case was reassigned to the Honorable Richard Renn.

Prior to his assault on C.J., [Appellant] had a prior conviction and lengthy sentence in Florida for lewd and lascivious assault upon a child. Accordingly, at sentencing on October 27, 2011, Judge Renn treated [Appellant] as a second-time sexual offender and imposed a term of 25-50 years' imprisonment, the mandatory minimum under 42 Pa.C.S. § 9718.2.[1] [Appellant] filed timely post-sentence motions, which Judge Renn denied. On December 12, 2012, this Court affirmed on direct appeal. [***Sever***, 576 MDA 2012 (unpublished memorandum)]. On May 13, 2014, the Supreme Court denied [Appellant's] petition for allowance of appeal. [***Commonwealth v. Sever***, 91 A.3d 1238, 887 MAL 2013 (Pa. 2014)].

> 1   [Appellant] does not challenge his mandatory minimum sentence as unconstitutional under *Alleyne v. United States*, -- U.S. --, 133 S.Ct. 2151 (2013). For the sake of completeness, we note that our Supreme Court has held that *Alleyne* does not apply retroactively to PCRA cases such as the present appeal. *Commonwealth v. Washington*, 142 A.3d 810 (Pa. 2016).[1]

> On March 16, 2015, [Appellant] filed a timely PCRA petition, and he subsequently filed an amended PCRA petition. On June 16, 2015, Judge Renn held an evidentiary hearing. At the conclusion of the hearing, Judge Renn denied all but one of [Appellant's] claims and took the remaining claim under advisement. On June 23, 2015, Judge Renn entered an order and opinion denying the remaining claim.

> [Appellant] filed a timely notice of appeal.

*Commonwealth v. Sever*, 159 A.3d 42, 1153 MDA 2015 (Pa. Super., filed

October 13, 2016) (unpublished memorandum at *1–2).

> The instant PCRA court described the ensuing history as follows:

> On February 10, 2016, by order of Superior Court, the appeal was remanded for thirty days for a determination as to whether counsel for [Appellant], Attorney Seamus Dubbs, had abandoned

---

1   The PCRA court's reference to *Alleyne* and the PCRA court's failure, along with the Commonwealth, to perceive the presumably nuanced inapplicability of that line of cases adds to the confusion herein, in light of the parties' and the PCRA court's failure to clarify the exact nature of Appellant's complaint. This is so in light of the fact that Appellant received a mandatory minimum sentence based upon having "previously been convicted of an offense set forth in [42 Pa.C.S.] section 9799.14 or an equivalent crime . . . in another jurisdiction," 42 Pa.C.S. § 9718.2(a)(1) and (b); application of *Alleyne* appears not to be relevant. N.T. (Sentencing), 10/27/11, at 31. However, due to the failure of the parties and the court to acknowledge this, we will address the issue Appellant presents.

[Appellant] and for this [c]ourt to take further action as required to protect [Appellant's] right to appeal.[2]

On March 3, 2016, we issued an order determining that Attorney Dubbs had not abandoned [Appellant]. During this hearing, we also found that [Appellant] knowingly and intelligently wished to have Attorney Dubbs continue to represent him on appeal. The Superior Court affirmed our order denying post-conviction relief by order and opinion dated October 13, 2016. [**Sever**, 1153 MDA 2015 (unpublished memorandum)].

On December 22, 2017, [Appellant] filed a second petition pursuant to the [PCRA]. On December 29, 2017, we issued a Notice Pursuant to Pennsylvania Rule of Criminal Procedure 907 advising [Appellant] his petition would be denied without further proceedings in twenty days. On March 12, 2018, we issued an order denying [Appellant's] second PCRA petition. On April 13, 2018, [Appellant] filed a Notice of Appeal to the Superior Court.[3] On April 13, 2018, we issued a concise statement order to [Appellant]. On April 21, 2018, [Appellant] apparently mailed his Concise Statement of Errors Complained of on Appeal pursuant to Pa.R.A.P. 1925(b)(4).1

> 1 Apparently [Appellant] failed to "file" both his Rule 907 "response" and his Rule 1925 statement. He, instead, sent them directly to this Judge. We have "filed" them contemporaneously with the filing of this

---

2 The remand order was filed on February 8, 2016.

3 The order denying PCRA relief was mailed to *pro se* Appellant on March 13, 2018. Although Appellant's notice of appeal was filed and docketed on April 13, 2018, thirty-one days after the entry of the March 12, 2018 order, we consider the appeal timely. **See** Pa.R.A.P. 108(a)(1) (day of entry of an order shall be the day the clerk of courts mails or delivers copies of the order to the parties); Pa.R.A.P. 903(a) (notice of appeal shall be filed within thirty days after the entry of the order from which the appeal is taken). Because Appellant was incarcerated and the record reflects that he placed his notice of appeal in the prison mail at the latest on April 6, 2018, his appeal is deemed filed on that date pursuant to the prisoner mailbox rule. **See Commonwealth v. Johnson**, 192 A.3d 1149, 1152, n.4 (Pa. Super. 2018) (stating that a *pro se* prisoner's document is treated as filed on the date he delivers it to prison authorities for mailing).

Statement. His 1925 statement was timely received
by the [c]ourt.

PCRA Court Opinion, 7/30/18, at 2–3.

Appellant raises the following issues on appeal, which we reproduce

*verbatim*:

1. Whether trial court erred in denying PCRA relief as a Rule of
Criminal Procedure 907 response to Court's Notice dated
December 29, 2017, but instead cited that Notice in its Order
Denying Post-Conviction RElief dated March 12, 2018.

2. Whether Court committed an erroe of law by declaring
Appellant's PCRA was untimely.

3. Whether Clerk of Court was negligent in not filing and returning
Appellant's amended PCRA, and did not stamp, time-date, and
notify Appellant of receipt of amended PCRA that was sent as
response to Rule of Criminal Procedure 907.

4. Whether Court-appointed attorney for Appelant abandoned
him, or was ineffective in providing counsel.

Appellant's Brief at 4.

When reviewing the propriety of an order denying PCRA relief, we

consider the record "in the light most favorable to the prevailing party at the

PCRA level." ***Commonwealth v. Stultz***, 114 A.3d 865, 872 (Pa. Super.

2015) (quoting ***Commonwealth v. Henkel***, 90 A.3d 16, 20 (Pa. Super. 2014)

(en banc)). This Court is limited to determining whether the evidence of

record supports the conclusions of the PCRA court and whether the ruling is

free of legal error. ***Commonwealth v. Robinson***, 139 A.3d 178, 185 (Pa.

2016). The PCRA court's findings will not be disturbed unless there is no

support for them in the certified record. ***Commonwealth v. Lippert***, 85 A.3d 1095, 110 (Pa. Super. 2014).

Initially, we must determine whether the PCRA court had jurisdiction to review the merits of Appellant's issues.[4] The timeliness of a PCRA petition is a jurisdictional threshold that may not be disregarded in order to reach the merits of the claims raised in an untimely PCRA petition. ***Commonwealth v. Lawson***, 90 A.3d 1, 4 (Pa. Super. 2014) (citing ***Commonwealth v. Murray***, 753 A.2d 201, 203 (Pa. 2000)).

The PCRA court concluded that Appellant's PCRA petition was untimely. PCRA Court Opinion, 7/30/18, at 5. The timeliness of a PCRA petition is a jurisdictional threshold that may not be disregarded in order to reach the merits of the claims raised in a PCRA petition that is untimely.

---

[4] Regarding Appellant's claim in issues one and three that relate to his response to the PCRA court's Pa.R.Crim.P. 907 notice, we note that Appellant did not file the response and instead, mailed it to the PCRA court. PCRA Court Opinion, 7/30/18, at 3 n.1. Despite the PCRA court's representation in its Rule 1925(a) opinion that it filed Appellant's Rule 907 response contemporaneously with its Rule 1925(a) opinion, ***id.***, there is no such response in the record certified to us on appeal. ***See Commonwealth v. Lopez***, 57 A.3d 74, 82 (Pa. Super. 2012) ("It is an appellant's duty to ensure that the certified record is complete for purposes of review"). The "[f]ailure to ensure that the record provides sufficient information to conduct a meaningful review constitutes waiver of the issue sought to be reviewed." ***Commonwealth v. Reed***, 971 A.2d 1216, 1219 (Pa. 2009). We note, however, that the PCRA court received the response and presumably considered it. PCRA Court Opinion, 7/30/18, at 3 n.1, 4. Thus, we find no merit to issues one and three.

*Commonwealth v. Lawson*, 90 A.3d 1, 4 (Pa. Super. 2014) (citing *Commonwealth v. Murray*, 753 A.2d 201, 203 (Pa. 2000)).

Appellant was sentenced on October 27, 2011. This Court affirmed Appellant's judgment of sentence on December 12, 2012. *Sever*, 576 MDA 2012 (unpublished memorandum). Our Supreme Court denied Appellant's petition for allowance of appeal on May 13, 2014. *Sever*, 887 MAL 2013.[5] Appellant did not seek further review in the United States Supreme Court. Thus, Appellant's judgment of sentence became final on August 11, 2014, when the time expired to seek relief in the United States Supreme Court. *See* 42 Pa.C.S. § 9545(b)(3) (for purposes of calculating the timeliness of a petition, a "judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review"); U.S.Sup.Ct.R. 13 (petition for a writ of *certiorari* seeking review of a judgment of a lower state court that is subject to discretionary review by the state court of last resort is timely when it is filed with the Clerk within ninety days after entry of the order denying discretionary review). Therefore, Appellant had until August 11, 2015, to file a timely PCRA petition. The instant

---

[5] Both the PCRA court in its Pa.R.A.P. 1925(b) opinion and the Commonwealth in its appellate brief incorrectly report the dates of both Appellant's direct appeal and denial of his petition for allowance of appeal. PCRA Court Opinion, 7/30/18, at 5; Commonwealth's Brief at 8.

petition was filed on December 22, 2017, more than two years beyond the relevant timeliness date. As such, the PCRA petition is patently untimely.

The jurisdictional time bar can be overcome only by satisfaction of one of the three statutory exceptions codified at 42 Pa.C.S. § 9545(b)(1)(i)–(iii).[6] *Commonwealth v. Spotz*, 171 A.3d 675, 678 (Pa. 2017). Further, "[a]ny petition invoking an exception . . . shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).[7] The PCRA petitioner bears the burden of proving the applicability of one of the exceptions. *Commonwealth v. Edmiston*, 65 A.3d 339, 346 (Pa. 2013).

---

[6] The exceptions to the timeliness requirement are:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i), (ii), and (iii).

[7] 42 Pa.C.S. § 9545(b)(2) was amended effective December 24, 2018, and provided that claims arising after December 24, 2017, were permitted to be filed within one year, rather than sixty days, of the date the claim could have been presented. Appellant filed his PCRA petition on December 22, 2017, which was prior to the effective date of the amendment.

Appellant attempts to assert applicability of one of the timeliness exceptions. Appellant's Brief at 10, 12. He avers applicability of *Commonwealth v. Butler*, 173 A.3d 1212 (Pa. Super. 2017), *appeal granted*, 190 A.3d 581, 47 WAL 2018 (Pa. filed July 31, 2018), and *Commonwealth v. Muniz*, 164 A.3d 1189 (Pa. 2017), stating that he "read about these cases" and "intended to raise the issues presented in those cases and argue that [he] was sentenced under a law that has since been declared unconstitutional." Appellant's Brief at 11. We recently reiterated that *Muniz* does not establish a timeliness exception to the PCRA:

> Appellant's reliance on *Muniz* cannot satisfy the "new retroactive right" exception of section 9545(b)(1)(iii) . . . . Here, we acknowledge that this Court has declared that, "*Muniz* created a substantive rule that retroactively applies in the collateral context." *Commonwealth v. Rivera-Figueroa*, 174 A.3d 674, 678 (Pa. Super. 2017). However, because Appellant's PCRA petition is untimely (unlike the petition at issue in *Rivera-Figueroa*), he must demonstrate that the Pennsylvania Supreme Court has held that *Muniz* applies retroactively in order to satisfy section 9545(b)(1)(iii). See *Commonwealth v. Abdul-Salaam*, 571 Pa. 219, 812 A.2d 497, 501 (2002). Because at this time, no such holding has been issued by our Supreme Court, Appellant cannot rely on *Muniz* to meet that timeliness exception.

*Commonwealth v. Greco*, 203 A.3d 1120, 1124 (Pa. Super. 2019) (citing *Commonwealth v. Murphy*, 180 A.3d 402, 405–406 (Pa. Super. 2018)).

Appellant's desire "to hold the merits of his argument in abeyance" until new

laws "come into effect" does not present a claim for our review.[8]  Appellant's Brief at 11.

Finally, regarding Appellant's fourth issue, we note that a claim of ineffective assistance of counsel does not save an otherwise untimely petition for review on merits.  *Commonwealth v. Perrin*, 947 A.2d 1284, 1287 (Pa. Super. 2008).  Moreover, the issue concerning whether prior counsel abandoned Appellant was addressed and resolved in Appellant's prior PCRA action.  *See* PCRA Court Opinion, 7/30/18, at 8–9.  *See also Commonwealth v. Blakeney*, 108 A.3d 739, 749 (Pa. 2014) ("To prevail on a petition for PCRA relief, a petitioner . . . must show that the claims of error have not been previously litigated or waived."  42 Pa.C.S. § 9543(a)(3).  An issue has been previously litigated if "the highest appellate court in which the petitioner could have had review as a matter of right has ruled on the merits of the issue." 42 Pa.C.S. § 9544(a)(2); *Commonwealth v. Spotz*, 47 A.3d 63, 76 (Pa. 2012)).

In conclusion, because Appellant's PCRA petition was untimely and no exceptions apply, the PCRA court lacked jurisdiction to address issues and grant relief.  *See Commonwealth v. Fairiror*, 809 A.2d 396, 398 (Pa. Super.

---

[8]  As we noted in *Murphy*, "if the Pennsylvania Supreme Court issues a decision holding that *Muniz* applies retroactively, [an a]ppellant can then file a PCRA petition, within [one year] of that decision, attempting to invoke the 'new retroactive right' exception of [sub]section 9545(b)(1)(iii)."  *Murphy*, 180 A.3d at 406 n.1.

2002) (holding that PCRA court lacks jurisdiction to hear untimely petition). Likewise, we lack the authority to address the merits of any substantive claims raised in the PCRA petition. Therefore, we affirm the March 12, 2018 order denying Appellant's PCRA petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/10/2019